**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS DIVISION**
_____

DOUGLAS GIEBEL,                              Cause No. CV-08-07-GF-SEH-RKS

       Plaintiff,

   vs.                                    **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Stacy Lynn Nicholson et al,
      Defendants.

_____

    Plaintiff Douglas Giebel lodged a proposed Complaint (Document 2) in this matter on February 7, 2008. Plaintiff filed a Motion to Proceed In Forma Pauperis (Document 1) with his Complaint, and the motion was granted (Document 4).

    Upon further examination of Mr. Giebel's affidavit, the Court determines that Mr. Giebel's motion for indigent status was improperly granted in its prior order. As such, that order is hereby vacated. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001)(citing United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986).

    Mr. Giebel's affidavit demonstrates that the financial resources available to him are sufficient to enable him to pay court costs and to provide the necessities of life for himself

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS / PAGE 1

and his dependants. See Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89 (1995). The Court therefore recommends that his motion be denied on that basis.  U.S. v. McQuade, 647 F.2d 938 (9th Cir. 1987).

Also, a review of Mr. Geibel's Complaint demonstrates that it does not contain any claim cognizable in federal court or otherwise plead any basis upon which this Court has jurisdiction, nor could it be amended to cure this deficiency. As such, Mr. Giebel's Complaint is frivolous under 28 U.S.C. § 1915(d), forming an additional basis for denial of the motion. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Benn v. Borden's Starlac Dry Milk Product, 438 F.2d 523 (9th Cir. 1971).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) should be **DENIED**.  Plaintiff must pay the required $350.00 filing fee forthwith and may take no further action in this matter until such fee is paid.

In accordance with Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), Plaintiff is not permitted to file written objections to this recommendation with the district court. A "magistrate judge's authority to make rulings or recommendations on dispositive pretrial matters not specified in

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS / PAGE 2

28 U.S.C. §636(b)(1)(A) is derived from 28 U.S.C. § 636(b)(3)"

which neither requires a magistrate to submit findings and

recommendations, nor provides a party with an opportunity to file

written objections. The Clerk of Court is therefore direct to

forward this Recommendation directly to the District Judge for

his consideration.


        DATED this <u>3rd</u> day of April, 2008.

                                /s/ Keith Strong
                                Keith Strong
                                United States Magistrate Judge